IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MARC R. HATCHER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:05CV00102 |
| | ) | |
| THEODIS BECK, Secretary, | ) | |
| NC DOC, | ) | |
| | ) | |
| Respondent. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Marc R. Hatcher, a prisoner of the State of North Carolina, on August 27, 1998, pled guilty in the Superior Court of Surry County to assault with a deadly weapon, unauthorized use of a motor vehicle, driving while license revoked, assault on a government official, injury to personal property, and resisting, obstructing and delaying an officer. His offenses were consolidated for judgment, and he was sentenced to 29-44 months of imprisonment.

More than five years later, on December 5, 2003, Petitioner Hatcher filed a Motion for Appropriate ("MAR") in Surry County Superior Court, challenging his 1998 convictions. The MAR was denied on March 12, 2004. Thereafter, Petitioner filed several *pro se* documents in the North Carolina Court of Appeals seeking review of the denial of his MAR, but he received no relief from the order of March 12, 2004.

On December 9, 2004, Petitioner Hatcher dated his *pro se* habeas corpus petition, and submitted it to this court. In his petition, Petitioner states claims relating to his state court convictions, including (1) breach of a plea agreement that his state sentence would be made to run concurrently with a federal sentence yet to be imposed, (2) an alleged unknowing and unintelligent guilty plea, and (3) ineffective assistance of counsel. The State has responded to the petition and moved to dismiss on grounds that the petition is time-barred under the one-year statute of limitations applicable to federal habeas cases.

On review of the record in this case, it is apparent that the State's limitations defense is well-taken, and that the petition herein must be dismissed as time-barred. Petitioner pled guilty on August 27, 1998. He had a limited right of appeal under state law, but that right expired on September 5, 1998, 10 days after judgment. *See* N.C. Gen. Stat. § 15A-1444(a1) *et seq*. (1999); N.C.R. of App. P., Rule 4(a) (2001). Accordingly, his conviction became final for purposes of final review no later than September 5, 1998.

The one-year statute of limitations on habeas actions, 28 U.S.C. § 2244(d)(1), began to run against Petitioner on September 6, 1998 and fully expired one year later, on September 6, 1999. Petitioner filed no MAR in state court until December 5, 2003, long after expiration of the limitations period, and too late to have any tolling effect on the running of the statute. *See* 28 U.S.C. § 2244(d)(2). Petitioner's claims to this court include an allegation that he believed (and was promised in a plea agreement) that his subsequent federal sentence in certain criminal proceedings would be made to run concurrently with his

-2-

Case 1:05-cv-00102-NCT    Document 10    Filed 06/22/05    Page 2 of 3

state sentence. Instead, on August 5, 1999, the federal court entered a final sentence in the presence of Petitioner and ordered the federal sentence to run consecutively to Petitioner's state sentence. It may be that Petitioner could not have known the "factual predicate" for his habeas claims until the day of his federal sentencing and, thus, the habeas statute of limitations, pursuant to 28 U.S.C. § 2244(d)(1)(D), did not begin to run against Petitioner until August 5, 1999. Nonetheless, even under this analysis, the limitations period expired on August 5, 2000, several years before Petitioner filed either his petition herein or a state court MAR that could have served to toll the statute.

The State's statute of limitations defense is established as a matter of law on the record before the court. The petition should be dismissed.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Respondent's motion to dismiss Petitioner's habeas corpus petition as time-barred be granted and that this action be dismissed with prejudice.

                           /s/ P. Trevor Sharp
                           United States Magistrate Judge

Date: June 22, 2005